# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

January 13, 2017

Edward C. Gill, Esq.
Law Office of Edward C. Gill, & Associates
16 North Bedford Street
Georgetown, DE 19947

David C. Malatesta, Jr., Esq.
Kent & McBride, P.C.
824 North Market Street
Suite 805
Wilmington, DE 19801

Monica E. O'Neill, Esq.
Four Penn Center
1600 JFK Blvd., Suite 620
Philadelphia, PA 19103

> **RE: *Robert Bangs v. Diana & Dawn Follin***
> ***K15C-05-008 JJC***

Counsel:

This letter order addresses Plaintiff Robert Bangs' (hereinafter "Mr. Bangs'") recently filed motion *in limine*. By previous letter order, the Court ruled on other motions raised by the Defendants Diana and Dawn Follin (hereinafter "Follin Defendants").[1] Trial in this matter is scheduled to begin on January 23, 2017. It involves Mr. Bangs' claim that he fell through a hole in the residence that he previously rented from the Follin Defendants. The Follin Defendants claim that Mr. Bangs

---

[1]*Bangs v. Follin*, 2016 WL 6875959 (Del. Super. Nov. 21, 2016).

falsified his injury claim because of his need for money and because of legal and other disagreements with them.

In preparation for trial, the parties shared proposed trial exhibits and disagreements persist. Mr. Bangs sought leave to file this additional motion *in limine* addressing certain common objections to the Follin Defendants' exhibits. His motion, however, also separately lists foundational and other objections to the majority of the Follin Defendants' forty-three trial exhibits.

In this Order, the Court will address Mr. Bangs' primary objections that (1) evidence of poverty is not relevant or admissible to support an inference that Defendant manufactured a false claim against the Follin Defendants; (2) Delaware Rule of Evidence ("DRE") 404(b) poverty related evidence offered to show separate relevance such as motive, opportunity, preparation and plan is inadmissible; and (3) the expert reports are inadmissible. For the reasons discussed below, evidence of Mr. Bangs' economic means is inadmissible for any purpose. Furthermore, the expert reports are likewise inadmissible. However, the Court does not agree with Mr. Bangs' contention that evidence offered pursuant to DRE 404(b) cannot be relevant under any circumstances. The Court will reserve decision regarding that issue, as well as Mr. Bangs' other objections including relevance, DRE 403, foundation, discovery violations, and hearsay. More evidentiary context is necessary prior to the Court's decision on those issues.

## Evidence of Mr. Bangs' Poverty Offered to Show Motive to Falsify a Claim is Inadmissible

After reviewing the motion, response, and the exhibits, the Court finds that

evidence of Mr. Bangs' poverty offered for the purposes of proving his alleged motive to manufacture a claim is at most marginally relevant to any fact of consequence. Nevertheless, if there is any relevance to such evidence, it is inadmissible pursuant to DRE 403 because any such relevance would be substantially outweighed by the risk of unfair prejudice or confusing the issues. Furthermore, in considering evidence of economic means offered for a purpose advanced pursuant to DRE 404(b), DRE 403 also separately requires exclusion at trial of any such evidence .

Courts generally recognize, in the context of criminal cases, that poverty is not admissible to show that a person is more likely to commit a crime because of need.[2] Likewise, evidence of poverty is no more relevant in the civil context to establish the likelihood that a person experiencing financial difficulties is somehow more likely to falsify a personal injury claim.[3] In balancing any marginal relevance in a civil claim, where money compensation for pain and suffering is the only recourse permitted, the Court finds an even greater risk of unfair prejudice and confusion of the issues than in

---

[2] *See United States v. Mitchell*, 172 F.3d 1104, 1108 (9th Cir. 1999) (recognizing that the traditional view is "that evidence of poverty is not admissible to show motive, because it is of slight probative value and would be unfairly prejudicial to poor people charged with crimes"); *see also* John A. Glenn et al.,Corpus Juris Secundum Robbery § 78 (2016) (noting that "[g]enerally evidence of a defendant's poverty or indebtedness is inadmissible to establish a motive to commit robbery or theft" because "it would be unfair to persons in difficult financial circumstances to permit general evidence of their poverty to be introduced for the purpose of establishing a motive for a robbery, and the risk of causing suspicion of indigent persons generally outweighs the probative value of such evidence").

[3] *See Hodge v. Weinstock, Lubin & Co.*, 293 P. 80, 84-85 (1930)(providing that statements of counsel suggesting to the jury "that the plaintiff was impoverished and without means" violates the rule that "[i]t is well settled that evidence of poverty is not admissible in civil claims such as this, and that its admission is reversible error"); *see also* Joseph Bassano et al., Corpus Juris Secundum Damages § 333 (2016) (recognizing that with regard to the pecuniary condition of parties, "[i]nterjection of the wealth or poverty of any party is irrelevant to the issue of compensatory damages in a personal injury case based on negligence, highly prejudicial because it diverts the jury from a fair assessment of damages, and a basis for reversal").

the criminal context. Any arguably marginal relevance would be substantially outweighed by the danger of unfair prejudice to Mr. Bangs.

Several of the exhibits offered by the Follin Defendants are clearly offered solely for this purpose and are accordingly barred from admission at trial. These include Defendant's Exhibit No. 4 which is a letter "To Whom it may concern" asking for charitable assistance, and Defendant's Exhibit No. 10 which is a notice of a social security hearing. These exhibits are offered only to establish Plaintiff's poverty and are therefore not admissible pursuant to DRE 403. Additionally, Follin Defendants' Exhibit No. 21 is alleged to be Mr. Bangs' letter to Catholic Charities requesting assistance and is likewise inadmissible for the same reason. Finally, Defendants' Exhibit No. 25, which includes liens and judgments due against Mr. Bangs, is also inadmissible.

Furthermore, to the extent any of the other exhibits or other evidence are offered to establish poverty, even to prove a separate relevance contemplated by DRE 404(b), they are likewise inadmissible pursuant to DRE 403. There, any such purported relevance to an itemized separate purpose in DRE 404(b) would be substantially outweighed by the danger of unfair prejudice and confusion of the issues.

The Court's decision here rests solely on the propriety of offering evidence regarding Mr. Bangs' economic means. Absent Mr. Bangs opening the door, such evidence will not be admissible at trial for any purpose. On the other hand, the Court reserves decision regarding the admissibility of any documents or testimony offered to prove the tenancy related legal disputes between the parties, and the course of the parties' relationship. Contrary to Mr. Bangs' argument, although character evidence is inadmissible in civil matters, DRE 404(b) permits such evidence for purposes other

than character evidence in the civil context.[4]  As such, many of the documents at issue may be relevant and  admissible directly, or separately admissible for a DRE 404(b) purpose.

## Expert Reports Are Not Admissible

Mr. Bangs also objects to the admission of the Follin Defendants' written expert reports at trial.  The Follin Defendants seem to agree in part, but also argue that they are "admissible" for purposes of refreshing recollection and also because they fall within an exception to the hearsay rule.

Expert reports are generally not admissible at trial.[5] This general rule applies even though it is conceivable, though  unlikely,  that an expert report could fall under either the recorded recollection or the records of regularly conducted activity exception to the hearsay rule.[6]   Nevertheless, if such documents do fall into one of these exceptions from the definition of hearsay, it does not automatically make them

---

[4] *See* Fed. R. Evid. 404(b) advisory committee's note to 2006 amendment (stating "[t]he admissibility standards of Rule 404(b) remain fully applicable to both civil and criminal cases).

[5] *See Gerstley v. Mayer*, 2015 WL 756981, at *9  n. 48 (Del. Super. Feb. 11, 2015) (stating "[g]enerally expert reports are not admissible . . ."); *Mine Safety Appliances Co. v. AIU Insurance Co.*, 2015 WL 5818071, at *3 (Del. Super. Oct. 1, 2015) (recognizing that "[w]ritten expert reports normally are not admitted into evidence and will not be viewed by the jury").

[6] *See Rizzi v. Mason*, 799 A.2d 1178, 1185 (Del. Super. 2002) (refusing to admit physician reports because defendant was unable to lay the proper foundation that a doctor's report satisfied any hearsay exception); *Gerstley*, 2015 WL 756981, at *9 n. 48 (stating "[g]enerally expert reports are not admissible as evidence as the report constitutes hearsay").  While the Court is not deciding whether a hearsay exception is available for an expert report, it is unlikely that the reports at issue here could rely on the records of regularly conducted activity exception to the hearsay rule as these reports were prepared in anticipation for litigation.  Therefore, the reports likely would not satisfy the provision contained in DRE 803(6) that the record be kept in the ordinary course of business.

admissible. DRE 702 addresses the admissibility of opinion evidence and provides for introduction of expert testimony, not written reports.[7] Furthermore, assuming there is an otherwise adequate foundation for admitting a written report, admitting both expert testimony and the expert's written report would be unduly cumulative in the context of the reports at issue. Pursuant to a DRE 403 balancing test, the danger of needlessly presenting cumulative evidence substantially outweighs the relevance provided by duplicating the experts' opinions in writing. Accordingly, the Follin Defendants' expert reports are inadmissible at trial.

This ruling, however, does not bar from admission as evidence any photographs, charts, or other evidence contained within the reports. Such other evidence, though included within the reports, may be separately admissible provided it meets foundational requirements and other standards for admissibility. Likewise, that the written reports themselves are not admissible in evidence does not prohibit their use to refresh the recollection of the testifying experts, provided the requirements of DRE 612 apply.

**Conclusion**

Evidence of Mr. Bangs' poverty is excluded from trial absent him somehow opening the door to make it admissible. Accordingly, Defense Exhibits 4, 10, 21 and 25 are inadmissible. With regard to all other objections, including potential evidence of Mr. Bangs' other conduct, motives, and intent, the Court reserves decision until trial because of the need for evidentiary context and (1) to provide the parties sufficient

---

[7] Namely, "[i]f scientific , technical, or other specialized knowledge will assist the trier of fact to understand evidence or to determine a fact in issue, a witness qualified as an expert . . . may **testify** thereto in the form of an opinion or otherwise . . .." Del. R. Evid. 702 (emphasis added).

opportunity to proffer relevance and (2) to consider argument regarding any unfair prejudice of such evidence. The parties are encouraged to confer and resolve as many discovery, foundational, and hearsay objections as possible before trial.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge